**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4839**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESUS SAN MIGUEL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (3:04-cr-00255-3)

_____

Submitted:  April 30, 2007               Decided:  May 22, 2007

_____

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Eugene J. Chandler, II, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus San Miguel pled guilty pursuant to a plea agreement to conspiracy with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (2000). San Miguel was sentenced to seventy months' imprisonment, the bottom of the sentencing guidelines range, and he appealed. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but suggesting the district court erroneously failed to treat the sentencing guidelines as advisory. San Miguel did not file a pro se supplemental brief, despite being notified of his right to do so. The Government declined to file a responding brief. Finding no reversible error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence post-Booker, sentencing courts are required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation

omitted).  "[A] sentence within the proper advisory Guidelines range is presumptively reasonable."  United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

San Miguel's sentence was within the sentencing guidelines range of 70 to 87 months' imprisonment and within the statutory maximum of forty years' imprisonment.  The district court appropriately treated the sentencing guidelines as advisory, properly calculated the sentencing guidelines range, and considered the relevant § 3553(a) factors.  Therefore, we find the sentence reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm San Miguel's conviction and sentence.  This court requires that counsel inform San Miguel, in writing, of the right to petition the Supreme Court of the United States for further review.  If San Miguel requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on San Miguel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>